**UNITED STATES' DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| AZUBUKO -     Plaintiff <br><br> v. <br><br> SUFFOLK SUPERIOR COURT, ET AL. -     Defendants | CIVIL ACTION NUMBER: <br> 05-10609-RCL |

**PLAINTIFF'S RESPONSE TO COURT'S POTENTIAL ORDER OF DISMISSAL FOR NON-RETURN OF SERVICE/PROOF OF SERVICE**

    The Plaintiff received the Court's Order dated August 24 and postmarked self-same date on August 25th – 2005. These would be the Plaintiff's succinct responses:

    01)    Taking everything into consideration, the case was transferred to Massachusetts. Prior to the transfer, Summons was not issued to enable me return to the Court proof of service. The Plaintiff would be afraid to say/ing that as had been known, one would not give what was a *desideratum* or what one needed, but lacked. In essence, if the Court provided the Plaintiff with the Summons and two copies of the Complaint, the Plaintiff would do what would be expected of any reasonable and prudent person [similarly situated with the Plaintiff] promptly.

    02)    Presently, the ball would not be in the court of the Plaintiff, but the Court. The Plaintiff was, indeed conscious of the 120-day deadline requirement of Fed. R. Civ. P. 4. No intelligent Litigant should close her/his eyes at it.

**CONCLUSION**

    Reiteratively, if the Court led, the Plaintiff would follow vis-à-vis the matter in question.

Respectfully submitted,

*[signature]*

CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

Dated: Thursday – August 25th – 2005.