UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHUKWUMA E. AZUBUKO,                    )
                          Plaintiff,                    )
                                                                )  Civil Action:05-10609-RCL
                    v.                                         )
                                                                )
SUFFOLK SUPERIOR COURT, ET AL.,     )
                          Defendants.                  )


MEMORANDUM AND ORDER FOR DISMISSAL AND
CERTIFICATION BY DISTRICT JUDGE
THAT ANY APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

LINDSAY, D.J.

        For the reasons stated below: (1) this action is dismissed with prejudice in its entirety; (2)

A further monetary sanction of $1000 is imposed against the Plaintiff; (3) Plaintiff is enjoined

from filing further civil actions until the monetary sanction is paid in full or unless a judge of this

Court otherwise orders; and (4)  The Court hereby certifies that any appeal by Plaintiff would not

be taken in good faith.


BACKGROUND

        On March 28, 2005, Plaintiff Chukwuma E. Azubuko's civil complaint was transferred

from the Western District of Michigan (Case No. 1:05-cv-00128-RAE) to this District.[1]  The

complaint itself is rambling and virtually incoherent.  From what can be gleaned, however, it

appears Plaintiff was injured in 1985 in Brighton, Massachusetts, when a glass door "exploded"

and pieces of glass fell on Plaintiff's jaw.  A decade later, Plaintiff brought suit in the Suffolk

Superior Court, against the property owner.  That case was dismissed in 1997, as barred by the

statute of limitations.  Plaintiff claims the statute is discriminatory, denies him equal protection

_____

[1]The Complaint was filed on March 3, 2005.

and due process, and that his "natural frustration" mitigates the statute of limitations. Compl. at 3. Plaintiff named the Suffolk Superior Court and the United States as Defendants to this action, seeking to reopen his action.

Plaintiff's Application to Proceed *in forma pauperis* was granted prior to transfer, however, summonses issued by the Clerk's Office prior to any preliminary screening of this action pursuant to 28 U.S.C. § 1915(e). Counsel for the Defendant Suffolk Superior Court has filed a Notice of Appearance in this action, however, no responsive pleading has been filed to date.

<u>DISCUSSION</u>

I.      <u>The Court May Screen The Complaint</u>

Because Plaintiff has sought to file this Complaint without the prepayment of the filing fee, this action is subject to screening to determine if it satisfies the requirements of section 1915 of Title 28, the federal *in forma pauperis* statute. <u>See</u> 28 U.S.C. § 1915.

Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915 (e) (2).

For the reasons stated below, this action is subject to dismissal under § 1915(e)(2) and on other grounds.

II.     <u>Plaintiff Chukwuma E. Azubuko Is An Enjoined Litigant With a<br>Substantial History of Vexatious and Frivolous Litigation</u>

As noted numerous times by this Court, Plaintiff Chukwuma E. Azubuko has a lengthy

history of frivolous litigation in this and other courts. These filings are outlined in more detail in

Judge Saris's Memorandum and Order in Azubuko v. Commonwealth Auction Association,

03mc10053-PBS, (12/17/03 (#3)), and Azubuko v. National Magazine Exchange, 03mc10063-

PBS (12/17/03 (#2)).

      Since that time, Plaintiff Chukwuma Azubuko has filed other cases in this District and

other districts, and the Court's records indicate that he has filed at least twenty-two (22) cases

under the name Chukwu Azubuko (or Chukwuma Azubuko) and eleven (11) cases under the

name Azubuko Chukwu in this District, as well as at more than thirty actions in other courts[2].

      On September 6, 1995, Chief Judge William G. Young entered an Order ("Order") in

Chukwu v. Registry of Motor Vehicles, et al., C.A. No. 95-11661-WGY, dismissing the action for

failure to state a claim.  Chief Judge Young ordered the clerk not to accept for filing any further

documents tendered *pro se* by this Plaintiff unless certain conditions were met.  See Docket No.

13 (9/6/95 Order), No. 95-11661-WGY.

      Additionally, on March 31, 2004, Chief Judge Young ordered that Plaintiff pay to the

Board of Bar Overseers $500 for its litigation efforts in Azubuko v. Board of Bar Overseers of the

Supreme Judicial Court, C.A. 04-10192-WGY.  He further ordered a $5,000 monetary sanction

against the plaintiff in light of his propensity to file frivolous lawsuits.  The sanction was

suspended, however, until such time as Plaintiff was found to have filed another frivolous suit, in

any federal court.  Since that time, Judge Zobel has found Plaintiff to have filed another frivolous

suit.  See Azubuko v. Catherine H. Gallagher Cooperative Housing, et al., C.A. 05-10068-RWZ.

---

[2]Several other courts have recognized Plaintiff's extensive litigation history and some
have also imposed filing restrictions on Plaintiff.  The list of cases is detailed in Judge Saris's
Memorandum and Order and need not be reiterated here.

III.     Plaintiff's Filing Violated this Court's Order.

Pursuant to Chief Judge Young's Order, the Clerk was directed not to accept for filing any

further documents of the Plaintiff unless 1) the document was accompanied by a motion seeking

leave of court to file same; and (2) a judge of the court granted Plaintiff leave to file the

document. Absent compliance, the Clerk was to return the document to Plaintiff.

Here, Plaintiff Chukwuma E. Azubuko has not complied with the conditions imposed in

the Order.  He has not sought, nor has he obtained, leave to file his Complaint.  Instead, he filed

the case in the Western District of Michigan solely as a means to pursue the litigation and

circumvent the Order, notwithstanding that his Complaint clearly involves an alleged incident

which occurred in Brighton, Massachusetts, and he claims of the Suffolk Superior Court's

dismissal of his personal injury case.  There is no connection whatsoever with the Western

District of Michigan which would warrant Plaintiff's filing in that Court.  It is patently obvious,

in view of Plaintiff's prior litigation history and Judge Saris's Orders,[3] that Chukwuma E.

Azubuko was aware that the Western District of Michigan was not the appropriate forum for this

dispute.  The only logical inference which can be drawn by his institution of this suit in that

district, is that, once again, Plaintiff was attempting to dodge this Court's Order.[4]

---

[3]Plaintiff has previously been warned by this Court that compliance with Chief Judge
Young's 1995 Order was a requisite, notwithstanding actions may have been filed in another
District. See Azubuku v. Commonwealth Auction Association, 03mc10053-PBS (Memorandum
and Order dated 12/17/03 (#3))("If plaintiff wishes to proceed with any of these actions, his
motion seeking leave must contain a certification under oath that there is a good faith basis for
their filing").

[4]This is not the first time he has attempted to circumvent the Order. Plaintiff filed cases in
the Districts of Florida and Georgia, which also involve disputes in Massachusetts and have been
transferred to this District. See Azubuko v. The Educational Resources Institute, Inc., et al., C.A.
No. 04-12690-NMG (filed in Eastern District of Louisiana and transferred 12/27/04)(suit also
names University of Massachusetts, Massachusetts Boston Municipal Court, and Massachusetts
Appeals Court); and Azubuko v. Urban Property Management, et al., C.A. No. 05-10066-GAO

Plaintiff has repeatedly been advised that such bad faith conduct by a *pro se* litigant cannot be tolerated by this Court, and this Court has, on several occasions, warned Plaintiff Chukwuma E. Azubuko against such behavior.  Unfortunately, Plaintiff Azubuko does not appear to be able to comport his behavior to the repeated mandates of the Court.  Monetary sanctions have not served to alter his behavior.  Not even an arrest warrant issued against the Plaintiff to show cause why he should not be held in contempt, has been effective in curtailing the vexatious and abusive litigation by this Plaintiff.  See Azubuko v. Catherine H. Gallagher Cooperative Housing, et al., C.A. 05-10068-RWZ (arrest warrant issued March 17, 2005).

IV.     This Action is Frivolous

The Court may dismiss *sua sponte* claims which are frivolous.  A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Azubuko v. MBNA Am. Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) (frivolous lawsuits are those lacking a legal basis or legal merit; not serious; or not reasonably purposeful). See Street v. Fair, 918 F.2d 269 (1st Cir. 1990) (§ 1915(d) (*sua sponte* dismissals do not require notice to plaintiff with opportunity to respond if the claim is based on an "indisputably meritless legal theory.").

A.     Failure to State a Cognizable Claim

Here, Plaintiff has failed to state a cognizable legal claim.  His 1985 personal injury case, filed in Massachusetts state court in 1997, is clearly barred by the statute of limitations. M.G.L. c. 260, § 2A (three-year statute of limitations for personal injury claims).

---

(filed in the District of Florida and transferred to this Court 1/10/05)(suit for forceful eviction). Most recently, this Court dismissed an action filed by Plaintiff in the District of Delaware and transferred to this Court. See Azubuko v. Eastern Bank, C.A. 06-10177-RGS (dismissed February 3, 2006; currently on appeal).

In any event, the state case was dismissed in 1997.  To the extent that this action raises § 1983 claims for constitutional violations in the state court action, this case is also untimely filed, and barred by the statute of limitations. Although there is no specified statue of limitations for causes of action brought under federal civil rights laws, it is well settled that the applicable state statute of limitations is applied where the action is filed.  Thus, in federal civil rights cases filed in this District, the applicable statute of limitations is three years.  Nieves v. McSweeney, 241 F.3d 46, 52-53 (1st Cir. 2001) (§ 1983); Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) (§ 1981); Govan v. Trustees of Boston Univ., 66 F. Supp. 2d 74, 80 (D. Mass. 1999) (§§ 1981, 1985). See also Owens v. Okure, 488 U.S. 235 (1989); Wilson v. Garcia, 471 U.S. 261 (1985); Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991) (per curiam) (the Massachusetts three-year statute of limitations applies to § 1983 actions).  Cf. Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 96 (1st Cir. 2004) (§§ 1981, 1983, and 1985 borrow the forum state's statute of limitations for personal injury claims); M.G.L. c. 260, § 2A (three-year statute of limitations for personal injury claims).  Accordingly, any claim by Plaintiff raised in 2005 based on the 1997 dismissal is barred.  Plaintiff's assertion that his "natural frustration" mitigates any statute of limitations fails to state a cognizable legal basis for reinstating his claims.

Moreover, to the extent Plaintiff is raising claims against the Suffolk Superior Court, as an entity of the Commonwealth of Massachusetts, those claims are barred by sovereign immunity.  Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,. . . a State cannot be sued directly in its own name regardless of the relief sought."); cf. Will v. Michigan

6

Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of §1983); Quern v. Jordan, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting §1983); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (there has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity).

Similarly, to the extent Plaintiff is seeking to raise claims against any judge of the Suffolk Superior Court, those claims are barred because judges are entitled to absolute judicial immunity for actions taken within the scope of their jurisdiction.  See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly); Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (even where a party alleges that a judge conspired with another party to rule against him, such allegations do not pierce the immunity extended to judges); Allard v. Estes, 292 Mass. 187, 189-190, 197 N.E. 884, 886 (1935) (stating that it is "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law.").

Finally, to the extent he is raising claims against the United States as a Defendant, those claims are also barred by sovereign immunity. United States v. Testan, 424 U.S. 392 (1976)( the United States (through its various branches and departments) enjoys immunity from suit except in those instances in which it has expressly consented to be sued).

In light of the foregoing, Plaintiff's action is subject to dismissal in its entirety.[5]

       B.    <u>Lack of Jurisdiction</u>

Apart from Plaintiff's failure to state a cognizable claim, this Court lacks jurisdiction over the matter. Under the <u>Rooker-Feldman</u> doctrine, lower federal courts lack the jurisdiction to hear claims already decided by the state courts. <u>Exxon Mobil Corp. v. Saudi Basic Industries, Inc.</u>, 544 U.S. 280 (2005) (holding that this doctrine applies to "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Under this doctrine, federal district courts lack the subject matter jurisdiction to directly review state court decisions unless Congress has explicitly authorized such relief. <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court. See <u>Feldman</u>, 460 U.S. at 482-86; <u>Rooker</u>, 263 U.S. at 415-16.

    The <u>Rooker-Feldman</u> doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are inextricably intertwined with the state court's decision. <u>See District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 286 (1983) ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial

---

[5]The Court recognizes that "[s]ua sponte dismissals are strong medicine, and should be dispensed sparingly."<u>Cepero-Rivera v. Fagundo</u>, 414 F.3d 124, 130 (1st Cir. (Puerto Rico) July 1, 2005)(quoting <u>Chute v. Walker</u>, 281 F.3d 314, 319 (1st Cir.2002))(other citations omitted). This action is dismissible for lack of jurisdiction and as a sanction. Accordingly, the Court need not provide Plaintiff an opportunity to show cause or to amend his Complaint.

proceedings even if those challenges allege that the state court's action was unconstitutional.") (internal quotation omitted); <u>accord Johnson v. De Grandy</u>, 512 U.S. 997,1005-1006 (1994) (<u>Rooker-Feldman</u> doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights); <u>Mandel v. Town of Orleans</u>, 326 F.3d 267, (1ˢᵗ Cir. 2003) (<u>Rooker-Feldman</u> doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party).

Here, Plaintiff Azubuko's allegation that the statute of limitations is discriminatory (a claim which he concedes was raised in the state court[6]), is inextricably intertwined with the underlying state court judgment dismissing his action; in fact, it appears to be the sole or at least primary basis for dismissal.  Moreover, as part of the relief requested, Plaintiff seeks to reopen the litigation dismissed by the state court, or to otherwise vacate a final judgment by the state court with respect to his personal injury claims.  This Court lacks jurisdiction to do so, and therefore this action is subject to dismissal.

     V.     <u>Sanctions are Warranted For Knowing Violations of Court Order</u>

As noted above, Plaintiff is, and was at the time of filing of the instant action, an enjoined litigant, who has attempted to circumvent this Court's Order enjoining him from further filings absent prior Court permission.  Permitting Plaintiff to continue his bad faith pleading pattern (*i.e.,* filing a Complaint in another District, which would not otherwise be accepted for filing in this District), would undermine the purpose of the Order enjoining the Plaintiff.

---

[6] <u>See</u> Compl. at 3.

It is abundantly clear to this Court that further sanctions are warranted against the Plaintiff, for his continued bad faith attempts to circumvent this Court's Orders.  At this juncture, a dismissal of this case with prejudice, accompanied by a modest monetary sanction of one thousand dollars ($1000.00) is deemed to be the <u>least</u> severe sanction this Court could impose on the Plaintiff for his continued abusive filings.  Such a sanction for repeated failure to comply with Court Orders is clearly within the purview of this Court. <u>See</u>, <u>e.g.</u>, <u>Young v. Gordon</u>, 330 F.3d 76, 81 (1st Cir. 2003)(in imposing sanctions, the court must balance relevant factors, including (but not limited to) the trial court's need to manage its docket, the potential prejudice to the parties, and the policy of the law favoring disposition on the merits); <u>Nat'l Hockey League v. Metro. Hockey Club</u>, 427 U.S. 639, 643 (1976); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962).

Recently, the United States Court of Appeals for the First Circuit has held that dismissal may be an appropriate sanction in certain instances.  In <u>Torres-Vargas v. Pereira</u>, 431 F. 3d 389 (1st Cir. (Puerto Rico) December 19, 2005) the First Circuit stated:

> To be sure, dismissal orders typically are measures of last resort, reserved for extreme cases. But we have held that a party's disregard of a court order is a paradigmatic example of extreme misconduct. <u>See</u> <u>Young</u>, 330 F.3d at 81; <u>Tower Ventures</u>, 296 F.3d at 46. Using dismissal as a sanction in such a case recognizes the court's strong interest in maintaining discipline and husbanding scarce judicial resources; after all, such a sanction not only serves to punish the noncompliant litigant but also acts as a deterrent to those who might be tempted to emulate a bad example. <u>See</u> <u>Nat'l Hockey League</u>, 427 U.S. at 643, 96 S.Ct. 2778.

<u>Torres-Vargas v. Pereira</u>, 431 F. 3d at 393.

The Court further noted:

> It is settled law that a party flouts a court order at his peril. <u>Rosario-Diaz v. Gonzalez</u>, 140 F.3d 312, 315 (1st Cir. 1998). Where... the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an

unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice. See, e.g. Young, 330 F.3d at 82; HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 918 (1st Cir. 1988).

Torres-Vargas v. Pereira, 431 F. 3d at 393.

Recently, Senior Judge Keeton has held that dismissal is an appropriate sanction against this Plaintiff, for knowingly and purposefully ignoring this Court's Orders regarding case filings. See Azubuko v. MBNA Am. Bank, 396 F. Supp. 2d at 9. Senior Judge Keeton noted:

> plaintiff, after the issuance of Chief Judge Young's Order, still filed at least seventy-five additional cases in other district courts, mostly in an effort to avoid the filing conditions set forth by Chief Judge Young. Indeed, it is more than ten years after Chief Judge Young's Order and plaintiff is still doing what Chief Judge Young ordered him not to do-filing frivolous lawsuits without seeking leave to file first. Thus, plaintiff's behavior is a pattern instead of a single, isolated event....The fact that plaintiff filed this action in an apparent effort to escape Chief Judge Young's Order therefore illustrates that plaintiff has no thought or care about the judicial resources or litigation expenses that he has caused others to incur by his actions....Plaintiff has faced leave-to-file restrictions, a $5,000 fine, possible additional monetary sanctions, and possible contempt proceedings. Still, despite these actual and potential sanctions, nothing seems to stop him.

Id. at 9.  Senior Judge Keeton also found that Plaintiff had the intelligence to understand the Court's Orders, noting that Plaintiff claimed to have a Masters in Education from the University of Massachusetts, and was a substitute teacher for the Boston Public Schools, earning approximately $600 bi-weekly.  Id. at 8-9.

Accordingly, in light of the above, it is Ordered that this action shall be dismissed in its entirety, with prejudice, pursuant to the Court's inherent power to impose sanctions for abuse of the judicial system.  Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991).   It is Further Ordered that Plaintiff Azubuko shall pay, a further monetary sanction of one thousand dollars ($1000.00) within thirty (30 ) days of the date of this Memorandum and Order.  Payment shall be made to the

11

Clerk, United States District Court for the District of Massachusetts. This monetary sanction is <u>in addition to,</u> and not in lieu of, the monetary sanctions imposed by Judge Young.

It is Further Ordered that until Plaintiff pays the $1000.00 monetary sanction, he shall not be permitted to file any case in this Court, unless a judge of this Court orders otherwise.

VI.      <u>Certification That Any Appeal Would Not Be Taken in Good Faith</u>

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." <u>Id</u>. Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, <u>unless</u> the district court certifies that the Appeal is not taken in good faith. <u>Id</u>. (emphasis added). The litigant may seek permission to appeal *in forma pauperis* from the Court of Appeals.

Based on Plaintiff's abusive litigation history, his intentional thwarting of this Court's Orders with respect to his ability to file civil actions in this district, and the frivolousness of this action, this Court hereby certifies any appeal filed by Plaintiff would not be taken in good faith,. "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." <u>Ellis v. United States</u>, 356 U.S. 674, 674 (1958) (*per curiam*); <u>see also</u> <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000); <u>Wooten v. District of Columbia</u>, 129 F.3d 206, 208 (D.C. Cir. 1997). For the reasons set forth above, this action is frivolous, and this Court finds that any appeal is one that plainly does not deserve additional judicial attention.

<u>CONCLUSION</u>

In light of the above, it is hereby ORDERED that:

1.      This action is dismissed <u>with prejudice</u> in its entirety;

2.      A further monetary sanction of $1000 is imposed against the Plaintiff, which shall be

paid to the Clerk of the United States District Court for the District of Massachusetts within thirty (30) days of the date of this Memorandum and Order; and

3.      Plaintiff is enjoined from filing further civil actions until the monetary sanction is paid in full or unless a judge of this Court otherwise orders; and

4.      The Court hereby certifies that any appeal by Plaintiff would not be taken in good faith.

SO ORDERED.

/s/ Reginald C. Lindsay
REGINALD C. LINDSAY
DATED: April 6, 2006                    UNITED STATES DISTRICT JUDGE