UNITED STATES' DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  | CIVIL ACTION NUMBER: |
|---|---|
|  | 05-10609-RCL |

AZUBUKO -
   Plaintiff

v.

SUFFOLK SUPERIOR COURT, ET. AL. -
   Defendants

**PLAINTIFFS' ADDENDUM TO 'PLAINTIFF'S FIRST MOTION FOR RECONSIDERATION OR THREE-JUDGE DISTRICT COURT'**

    There had been discoveries, which were inevitably material to the proceedings since the Plaintiff filed the motion for reconsideration dated April 24th –2006. Indeed, if God slept, one eye would be opened. They were:

    01)    Factly, the facts and law would be marshaled and should be dissociated from 'garden variety neglect." The proceedings had bearings on the first Defendants failure to enforce the law. [42 U.S.C. Section 1986] Consequently, statute of limitations, should not be one of the criterion for dismissal, because the proceedings were accident-related. That culminated into permanent injury, future pain and suffering, future medical expenses and intentional infliction of emotional distress. The Plaintiff was not the originator of the bases. [*Matthews v. Food Lion, Inc.*, North Carolina Court of Appeals, No. COA00-200; *Burch v. La Petite Academy Inc.*, a Delaware Corporation & Oklahoma Commission for Human Services; Oklahoma Department of Human Services, 11th Cir., No. 00-5072 (D.C. No. 97-CV-898-K)]

    02)    More, they typified "continuing violations." Indeed, that associated with tolling of the limitations period. Statute of limitations should not be associated with the proceedings intelligently, but *res judicata*. On that, without mincing words, it had its qualifications, which the Plaintiff could particularize upon if need be any time and any where. [*Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1984); *LRL Properties v. Portgage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir. 1995)]

03)     The proceedings of *Truitt v. Wayne County*, Sixth Cir. No. 98a02230.06 had significant bearings. *Truitt*'s excerpt read:

We review a district court's decision regarding equitable tolling for an abuse of discretion. *See Equal Employment Opportunity Comm's v. Kentucky State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir.), cert. denied, 117 S.Ct. 385 (1996). We have identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement. *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The propriety of equitable tolling must necessarily be determined on a case-by-case basis. *See Jarrett*, 22 F.3d at 260 (citation omitted)."

04)     There were other precedents, which tenaciously underscored the Plaintiff's stance. [Florida House Bill – HR 27-B, 1993 fund … destruction of Rosewood – 1923 Race Riot; Jewish Holocaust Victims suit at District Court – New York (Eastern); *Gustav A. Adams, Andrew F. Dopkins, et al. v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, et al., 3d Cir. No. 93-5480; *Schiavone et al. v. Fortune, AKA Time, Inc.*, 377 U.S. 21 (1986); *Ortega-Rodriguez v. United States*, 507 U.S. 234 (1923)]

## CONCLUSION

Indeed, not on the balance of probabilities, but beyond any reasonable doubt as a matter of general law, the Plaintiff had provided the Court ampler facts and the law that the proceedings entailed strict liabilities and negligence [per se] If the t's and i's were crossed and dotted, the state of things presently would have been history. The eye closure precipitated the necessary parties into the present beautiful circumstances, in a manner of speaking.

Respectfully submitted on Tuesday – May 30th – 2006.

*[signature]*
CHUKWUMA E. AZUBUKO,
Pro Se,
P. O. Box 1351,
Boston – MA 02117-1351.
Telephone: (617) 265 6291.

## CERTIFICATE OF SERVICE

The Plaintiff under the penalties for perjury certified that a true copy of the head was served upon the Attorney of record to the first Defendant via the United States' pre-paid first-class mail on Saturday – June 3rd - 2006, thus:

>Annapurna Balakrishna, Esq.,
>Office of the Attorney General,
>Government Bureau
>One Ashburton Place,
>Boston – MA 02108.

_____
CHUKWUMA E. AZUBUKO,
Pro Se.