UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHUKWUMA E. AZUBUKO, )<br>           Plaintiff, )<br> )<br>v. )<br> )<br>SUFFOLK SUPERIOR COURT, ET AL., )<br>           Defendants. ) | C.A.: 05-10609-RCL |

FURTHER MEMORANDUM AND ORDER

LINDSAY, D.J.

On April 5, 2006, this Court issued a Memorandum and Order (#12) which provided for, *inter alia*, the dismissal of the above-captioned matter with prejudice, the imposition of a $1000 monetary sanction against the Plaintiff, and a certification that any appeal by Plaintiff would not be taken in good faith.[1]

Now before this Court is "Plaintiff's First Motion for Reconsideration or Three-Judge District Court" (#14). No opposition to the motion has been filed. Upon review of the motion, and the record, the Plaintiff's Motion for Reconsideration or Three-Judge District Court is hereby denied with prejudice for the reasons set forth below.

First, Plaintiff's motion is virtually incoherent. From what can be gleaned, however, it appears he is challenging this Court's Memorandum and Order (#12), as well as various Orders

---

[1] In brief, this Complaint was transferred from the Western District of Michigan on March 28, 2005. Plaintiff alleged he was injured in 1985 in Brighton, Massachusetts, when a glass door "exploded" and pieces of glass fell on Plaintiff's jaw. A decade later, Plaintiff brought suit in the Suffolk Superior Court, against the property owner. That case was dismissed in 1997, as barred by the statute of limitations. Plaintiff claimed the statute is discriminatory, denied him equal protection and due process, and that his "natural frustration" mitigated the statute of limitations. Compl. at 3. Plaintiff named the Suffolk Superior Court and the United States as Defendants, and sought to reopen his action.

enjoining and sanctioning him, by other Judges of this Court. For instance, with respect to Judge Young's Order enjoining him from filing further lawsuits absent court permission, Plaintiff claims the Order was "flatly and mountainously unconstitutional." Motion (#14) at 2. He asserts that "[i]It was apish, Saddam Hussienistic and Osamaistic" and that it " was tantamount to judicial terrorism. The [concerted] determination to emerge out of Stone Age never meant that mankind ran out of stones." Id. In essence, Plaintiff argues he is entitled to file as many cases as he wishes.

With respect to sanctions by Senior Judge Keeton, Plaintiff's assertions are also unintelligible:

> ...Glory, Judge Keeton is the Most Senior or Metusellah Judge: Factly, "handsome is that, which handsome does." Being elderly had been a virtue! It never meant condescension to group judicial decision, which had no grain of constitutional significance, discriminatory and preposterous. The Plaintiff to expected highest standard from him jurisprudentially! An elderly should not abuse the soup. Well, life had been characterized with unquantifiable variables. The knife with edge could be blunt and the edgeless one could be sharp. Surely, a wo/man represented in/visible others or more than her/him self. Hopefully, Judge Keeton was not ignorant of that!...Indeed, babyish and hypocritical approach to life should not be promoted, so as to dwarf other salubrious or vital values. If so, then, what would one teach the youngsters? Besides China, Iraq, Iran, Nigeria, Zimbabwe, et cetera, there were many countries who should improve their human rights.

Id. at 4-5.

Plaintiff also takes issue with this Court's determination that his Complaint was frivolous. Plaintiff states that this "sounded self-opinionated to the Plaintiff." Id. at 3. He asserts:

> A swallow never made a summer. Of course, sometimes, "the tongue of dogs resemble one of mankind." A wise wo/man aimed at originality and not acting like a zoombie or "follow-follow.' An intelligent, outstanding or competent minister of justice should strive to sitting down with her/his buttocks and refrain going with the stream. Going with the stream could be harmful, sometimes."

Id. at 3.

Further, Plaintiff takes issue with the Court's determination that Plaintiff's Complaint failed to state a cognizable legal claim, because his claims were barred by the statute of limitations, and that this Court lacks jurisdiction over Plaintiff's claims in any event. He again asserts arguments made, and rejected, in the state court action, *i.e.,* that the statute of limitations could be tolled. He further states: "An [sic] danced pregnancy just like mountains could not be hidden. The same applied to a city built on top of the mountain." Id.

Finally, Plaintiff challenges the Court's certification that any appeal would not be taken in good faith. Plaintiff equates this as "tantamount to judicial or legal terrorism again." Id. at 5. He states:

> Osama Bin Laden would have many companions if God condemned him to hell, though it was unintelligent to be judgmental. When seasonable, the Plaintiff would appeal the dismissal order if the Deputy Clerk failed to act in keeping with the [rule of] law. If s/he needed hand holding legally, the Plaintiff had painstakingly provided it with intellectual humility, intellectual courage and faith-to-reasons....

Id.

As previously noted, the motion is virtually incoherent. Even broadly scrutinizing the pleading (in an attempt to make some sense of the various assertions), this Court can come to no other conclusion but that Plaintiff's motion is frivolous. There is simply nothing in the motion which serves to convince this Court that the findings and conclusions contained in the previously issued Memorandum and Order (#12), should be altered in any fashion whatsoever.

Accordingly, for the reasons set forth above, and for the reasons exhaustively set forth in the Memorandum and Order (#12), this Court finds Plaintiff's First Motion for Reconsideration or Three-Judge District Court (#14) to be utterly without merit, and is therefore denied. This denial is with prejudice. Plaintiff is advised that he is prohibited from filing a "Second" Motion

for Reconsideration which asserts any of the same grounds contained in his "First" motion.

SO ORDERED.

                                                    /s/ Reginald C. Lindsay
                                                  REGINALD C. LINDSAY
DATED:  June 6, 2006                UNITED STATES DISTRICT JUDGE