UNITED STATES' DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2006 JUN 15  P 12: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NUMBER:
05-10609-RCL

AZUBUKO -
    Plaintiff

v.

SUFFOLK SUPERIOR COURT – ET AL. –
    Defendants

## PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION

The Plaintiff received the Court's responses to his 'First Motion For Reconsideration' dated June 06th – 2006 and postmarked 08th instant on Friday – 09th instant. Firstly, "Nobody should be dead or got lost." [Proverb] The Plaintiff would not sham ignorance of the judicial threat not to act in keeping with the head. However, the Plaintiff had to do it, because it was in keeping with the law. The Lord and United States' Constitution had been my shepherd and the Plaintiff would not be afraid. The Plaintiff would not break the law for exercising his mere constitutional rights. Even in Iraq, there were rules. Democracy and the Rule of Law had their rules. Therefore, it would be crassly immoral if not unlawful for the Court to luxuriate in threatening the Plaintiff timelessly and tirelessly. Well, s/he who would be ignorant of the judicial history and African descents in the United States had to arrive from the Mars. The actual legal issue to the proceedings centered on statute of limitations. There had been useful and helpful findings: the Plaintiff would not chew the fat presently, though the Plaintiff never chewed the fat. These would be the succinct bases for the head:

    01)    Glory, some legal issues, which associated with the original dismissal appeared to have been pulverized or eliminated. Indeed, "Slow is the process by which a carver shows his thoughts on the stone." [Chaucer] In the proceedings of *Gustav A. Adams, et al. v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, et al.*, the Third Circuit ruled, thus:

"We hold the district court correctly found the motion for reconsideration was untimely, and that the PGBC received adequate notice. Nonetheless, without considering the evidence the PBGC proffered with its motion for reconsideration, we find the district court should not have dismissed the case with prejudice. We agree that the PBGC's behavior was negligent and inexcusable, but think dismissal was too harsh a sanction. Therefore we will remand for reinstatement of the case and consideration of lesser sanctions."

02)    The Plaintiff never engaged on the head for the purpose/s of "garden variety neglect.' [*Edna Ayers, Administratrix of the Estate of Roy L. Hardin, deceased v. United States of America*, Sixth Circuit, No. 00-5993 (Appealed From the United States' District Court for the Eastern District of Kentucky at Frankfort] In the case of *Truitt v. Wayne County*, the self-same Sixth Circuit provided exemplary criteria for evaluation of the matter in question. Excerpts read:

"We now turn to the issue of equitable tolling. The ninety-day time limitation in Title VII cases is not jurisdictional; therefore, equitable tolling is available. *See, e.g. Jarrett*, 22 F.3d at 259-60. As we have stated, the ninety-day period should be tolled during the pendency of a plaintiff's IFP application. See, e.g., id. *Truitt* argues that the district court erred by failing to toll the additional time that lapsed until she paid her filing fee on November 8, 2996."

"We review a district court's decision regarding equitable tolling for an abuse of discretion. *See Equal Employment Opportunity Comm'n. v. Kentucky State Police Dep't.*, 80 F.3d 1086, 1094 (6th Cir.), cert. denied, 117 S.Ct. 385 (1996). We have identified five factors to consider when determining the appropriateness of equitably tolling a stute of limitations: 1) lack of notice of the filling requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement. *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The propriety of equitable tolling must necessarily be determined on a case-by-case basis. *See Jarrett*, 22 F.3d at 260 (citation omitted)."

03)    The Court should review these speculative or extraordinary precedents, which squarely associated with statute of limitations. [**Hardin v. Straub**, 490 U.S. 536 (1989); **Schiavone v. Fortune**, 477 U.S. 21 (1986); **Jones v. R. R. Donnelly & Sons Co.** (U.S. Ct.) May 3 – 2004; **Ortega-Rodriguez v. United States**, 507 U.S. 234 (1993)]

04)    The case of *Phillip v. United States of America*, the Sixth Circuit stated thus:

"Throughout this appeal, it has been unclear what sort of review Phillip seeks. In any case, however, his request is meritless. To the extent that Phillip seeks this panel to review the court's earlier decision, we are without power to do so. "A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salami v. Secretary of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Neither circumstance is present here."

Indisputably, future pain and suffering and future medical expense represented "continuous violations" as the Plaintiff particularized upon on his 'Plaintiff Addendum to 'Plaintiff's First Motion for Reconsideration or Three-Judge District Court' dated May 30th – 2006. Hopefully, the Court did receive it! The Plaintiff had proven the justiciability of the proceedings not on the balance of probabilities, but beyond any reasonable doubt.

## CONCLUSION

Characteristically, the strange verdict was unsigned by a judge. Consequently, the Plaintiff deemed it competent and not outstanding. Statute of limitations as the Plaintiff had superfluously scientifically shown should not be basis for deprivation of anyone Equal Protection and Due Process Clauses. The Court should but in her pipe for purpose of smoking intellectual humility, intellectual courage and faith-to-reasons and reversed her unscientific verdict and contemporary conscience shocking. The Court should make the maxim her jurisprudence compass in the course of re-examination of her verdict, thus:

> "Then a lawyer said, But what of our Laws, master?
> And he answered:
> You delight in laying down laws,
> Yet you delight more in breaking them.
> Like children playing by the ocean who
> Build sand-towers with constancy and then
> destroy them with laughter.
> But while you build your sand-towers the
> ocean brings more sand to the shore,
> And when you destroy them the ocean
> Laughs with you.
> Verily the ocean laughs always with the innocent.
> But what of those to whom life is not an
> ocean, and man-made laws are not sand-towers,
> But to whom life is a rock, and the law

>a chisel with which they would carve it in
>Their own likeness?
>What of the cripple who hates dancers?
>What of the ox who loves his yoke and
>deems the elk and deer of the forest stray
>and vagrant things?
>What of the old serpent who cannot
>shed his skin, and calls all others naked
>and shameless?...."

Above all, could "Justice be done and be seen to be done," at all material times? Reiterative, 'the Lord and the matchless United States' Constitution are my shepherds and the Plaintiff will not want.' 'Factly, justice has been likenable to water and air and no sane wo/man should be allergic to it.'

>Respectfully submitted on Saturday – June 10th - 2006
>
>*[signature]*
>CHUKWUMA E. AZUBUKO,
>Pro Se,
>P. O. Box 1351,
>Boston – MA 02117-1351.
>Telephone: (617) 265 6291.

### CERTIFICATE OF SERVICE

The Plaintiff upon the penalties for perjury certified that a true copy of the head was served upon the Attorney of record for one of the Defendant with representation – Suffolk Superior Court – on Monday – June 19th – 2006 thus:

>Annapurna Balakrishna, Esquire,
>Office of the Attorney General
>of Massachusetts,
>Government Bureau,
>One Ashuburton Place,
>Boston – MA 02108.
>
>*[signature]*
>_____
>CHUKWUMA E. AZUBUKO,
>Pro Se.